## Watts v. Yeary et al.

January 30, 1951.

Rehearing Denied May 8, 1951.

Wm. J. Baxter, Judge.

Redwine & Redwine and M. C. Redwine, Jr., for appellant.

William O. Hays for appellees.

VAN SANT, COMMISSIONER—Reversing.

The appeal is from a judgment dismissing "the plaintiff's petition and the petition as amended and reply" and cancelling, setting aside and holding for naught "all orders heretofore entered overruling the demurrer of defendant to the petition, petition as amended and to the reply."

In the petition originally filed, appellant based his cause of action upon the breach of a written contract which he filed with the petition. A demurrer was sustained to this pleading. Appellant amended his petition in which he sought to reform the written contract, alleging that by mutual mistake certain material provisions were omitted from the writing. He then prayed judgment on the contract as he alleged it should be reformed. He then filed a second amended petition in which he alleged that the agreement as set out in the petition and amended petition if reduced to writing "should be as follows." He then composed a draft of the contract in the words and figures he alleged should have been used in the drafting of the writing executed by the parties. The demurrer to this pleading was overruled. At the next term of court the defendants filed motion to strike from the petition as amended all allegations and claims in respect to an alleged breach of contract of a transaction which occurred September 21, 1947, because the contract sought to be reformed related to the breach of a contract dated August 8, 1947. Defendants filed a second motion to strike, which was directed at numerous allegations contained in the petition as amended. They gave no reason for striking any of the allegations quoted in the motion. They then filed a motion to strike

from the petition as amended "all the inconsistent allegations contained therein." Defendants then filed a motion to paragraph the petition as amended. All motions to strike were overruled by the court, whereupon defendants filed a motion to require the plaintiff to elect whether for his cause of action he would rely on a breach of the alleged written contract or on a breach of the alleged oral contract. This motion was sustained and plaintiff elected "to stand on the oral contract alleged in the petition as amended." Defendants then moved the court to strike all allegations seeking reformation of the alleged written contract. The court sustained defendants' motion to require the plaintiff to paragraph the petition as amended, whereupon plaintiff numbered the paragraphs, to which defendants objected on the ground that the "alleged causes of action are not distinctly stated in separate paragraphs." This objection was overruled. Plaintiff then filed a third amended petition whereby he appears to have reasserted his cause of action for breach of the written contract as it should be reformed. A motion to strike the last amended petition because it was inconsistent with plaintiff's election to rely upon an oral contract was overruled.

Defendants then answered setting forth their version of the transactions between the parties. Plaintiff moved to strike certain allegations from the answer without assigning any reason therefor; and, without waiving the motion, filed a general demurrer to the answer as a whole and to each paragraph thereof and "to each line and sentence of each paragraph thereof." On the same day, without waiving the motion to strike and without waiving the demurrer, plaintiff filed a reply wherein he denied the alleged effect of certain written "trip lease contracts" upon the contract sued on. A demurrer was filed to the reply. The judgment appealed from was then entered.

The pleadings in this case are so confused and confusing that it is impossible for us to arrive at a decision in respect to the correctness of the Chancellor's judgment in sustaining a demurrer to the petition as amended. At the time judgment was entered the Chancellor should have required the parties to reform the pleadings so that the cause of action would be set out in a petition, the defense in an answer, and denial of the affirm-

ative allegations of the answer, or avoidance thereof, in a reply. Two years transpired between the filing of the petition and the entry of the judgment. In that period of time the parties should have been able to come to some conclusion in respect to the controversy; and, having come to their individual conclusions, they should have been able to have asserted them in the pleadings we have suggested. We are of the opinion that out of this mass enough facts can be selected to state a cause of action which will stand the test of a demurrer. For this reason, we are inclined to give the plaintiff an opportunity to do so. On return of the case, the judgment dismissing the petition will be set aside and an order will be entered striking all pleadings from the record but allowing plaintiff to assert his cause of action, if any he has, in one petition. The case will then proceed to a final determination.

The judgment is reversed and remanded for proceedings consistent with this opinion.